IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelicka J. Hemphill, ) | C/A No. 4:17-cv-01440-DCC |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of ) Social Security, ) | |
| Defendant. ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On July 26, 2018, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 14. On August 1, 2018, Plaintiff filed objections to the Report, and the Commissioner filed a reply on August 6, 2018. ECF Nos. 16, 18. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for SSI on April 28, 2014, alleging that she had been disabled since April 1, 2014, due to attention deficit disorder ("ADD") and blindness in her left eye. R. 71. Later, Plaintiff alleged additional disabilities, including, *inter alia*, borderline intellectual functioning. R. 21. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge

("ALJ"), which was held ono April 20, 2016. The ALJ denied Plaintiff's claims in a decision issued on June 10, 2016. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming the Magistrate Judge erred in failing to find that the ALJ did not identify and rectify conflicts between the Vocational Expert's testimony and the Plaintiff's Residual Functional Capacity ("RFC"). Additionally, Plaintiff objects, claiming the Magistrate Judge erred in finding that the ALJ adequately considered Plaintiff's moderate limitations in concentration, persistence, or pace in assessing her RFC. For the reasons detailed below, the Court rejects Plaintiff's objections and adopt the Report's recommendations.

**I.     Conflict Between the Vocational Expert and RFC**

Plaintiff first argues the Magistrate Judge erred in finding that the ALJ was not required to identify and resolve conflicts between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"). The ALJ found that Plaintiff was limited by the nonexertional limitation of, *inter alia*, having monocular vision and "doing low-stress work involving occasional decision-making and occasional changes in the work setting." R. 26. The ALJ further noted that the Vocational Expert's testimony "is generally consistent with the information contained in the [DOT]." R. 41.

As the Report notes, "Plaintiff admits the DOT is silent on the two contested RFC limitations." ECF No. 14 at 22. Nonetheless, in her objections, Plaintiff contends that the

3

DOT's companion publication, the Selected Characteristics of Occupations ("SCO") does address vision limitations, albeit in different terms—acuity, far acuity, and depth perception. ECF No. 16 at 2. However, Plaintiff does not point to any specific conflict between the testimony of the Vocational Expert and the descriptions of the jobs in the DOT or SCO. Put differently, Plaintiff has not sufficiently stated a case that the nonexertional limitation of "monocular vision" conflicts with anything specifically in the DOT or SCO. In order to prevail, Plaintiff must articulate an apparent unresolved conflict between the Vocational Expert testimony and the DOT/SCO. She has not done so, and the Court therefore adopts the Report's findings and adopts them herein by reference.

II. **Consideration of Plaintiff's Moderate Limitations in Concentration, Persistence, or Pace**

Plaintiff contends the Magistrate Judge erred in finding that the ALJ adequately considered Plaintiff's moderate limitations in concentration, persistence, or pace in assessing Plaintiff's RFC. In *Mascio v. Colvin*, the Fourth Circuit remanded a case to the Commissioner when the "ALJ [did] not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question [to a Vocational Examiner] to simple, routine tasks or unskilled work.'" 780 F.3d 632, 638 (4th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). However, *Mascio* did not create a per se rule requiring remand when an ALJ fails to account for these moderate difficulties in the RFC. *See id.* ("Perhaps the ALJ can explain why [claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [claimant's] residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not

affect [claimant's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert.").

Here, Plaintiff argues, "[w]hile it is true that the ALJ outlined a large amount of evidence from the file, it is also true that the ALJ never directly addressed the Plaintiff's ability to sustain an eight (8) hour workday, and never stated that he did not think that additional restrictions for the same were unwarranted in light of [the record cited by the Magistrate Judge]." ECF No. 16 at 5. After reviewing Plaintiff's objection, the Court agrees with the Report that "[t]he ALJ's RFC and explanation is compliant with *Mascio*." ECF No. 14 at 24. The Report thoroughly considered and explained Plaintiff's credibility, Plaintiff's numerous visits to her primary care providers, Plaintiff's psychological medical consultations, Plaintiff's school records, assessments from Plaintiff's specialists, and Plaintiff's agency interviews. ECF No. 14 at 24–35. The ALJ's narrative and the evidence weighed and considered by the ALJ "supported a lack of translation of the moderate difficulty in [concentration, persistence, or pace] into a further limitation in the RFC . . . ." ECF No. 35.

The Court understands the significance of the limitations faced by the Plaintiff; however, under the facts of this case, there can be no credible argument that the ALJ's decision is not supported by substantial evidence. Under that deferential standard of review, the Court is constrained to affirm regardless of its interpretation of the weight of the evidence. Accordingly, the Court adopts the Report's findings and adopts them herein by reference.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

                                                    s/ Donald C. Coggins, Jr.
                                                   United States District Judge

September 17, 2018
Spartanburg, South Carolina